W. M. HUNTLEY, ET AL. v. JERRE BOWLES, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—589.]

**Fraudulent Conveyance.**

A note retaining a lien on land that had not been sold, to the debtor by the creditor, is neither a sale conveyance nor mortgage; and a conveyance of the property to such creditor is held to be in contemplation of insolvency and with the design to prefer, and hence the grantee will hold the property as trustee for all the grantors' creditors.

APPEAL. FROM HARDIN CIRCUIT COURT.

February 23, 1886.

OPINION BY JUDGE PRYOR:

The intention of Edmund Bowles in making the conveyance to Purcell in satisfaction of his debt can not control the action of the chancellor. The guardian of Mrs. Hundley was insolvent, a fact known to the appellee, who was his surety, and under such circumstances he conveyed to Purcell the whole of his (the surety's) estate to satisfy Purcell's debt. To avoid the effect of such a conveyance that without some explanation must bring the transaction within the act of 1856, it is alleged that Bowles some four years before the conveyance had mortgaged this land to Purcell to secure this debt, and in discharge of the mortgage the land was conveyed. It turns out that the creditor, Purcell, held a note on Bowles in which it was stipulated that it was a lien on the land, and Bowles and his son gave a note in which the son promised to pay for the land, his father being on the paper, and some proof showing that the son was told that if he would pay off the note he might have the land. The son failed to pay off the note and the father made this deed. There was no change of possession and no mortgage of record nor bond for title. There was neither a sale, conveyance nor mortgage in contemplation of the statute, but a note retaining a lien on land that had not been sold to the debtor by the creditor. The note is not produced, and with such an unusual transaction it is not safe to permit the statute to be evaded in this manner.

The act that brought the case within the statute was the conveyance in November, 1882, and the chancellor should have held that it was in contemplation of insolvency and with the design to prefer. Judgment is *reversed* with direction to enter such a judgment.

*J. P. Hobson*, for appellants.

*H. T. Wilson*, for appellee.